SAUNDERS, Judge,
dissenting.
The first determination for our review is whether the jury was justified in determining that Poirier was not hit in the head by the mirror of the Castillo vehicle. Castillo is a defendant and his interest is contrary to that of Poirier. There is no reason to disbelieve the testimony of Everett Castillo. Castillo testified that his truck was moving close to Poirier, that the mirror of his truck hit something and folded in, that he both heard and saw the folded mirror, and that Poirier’s hand was on his head. Castillo reported to his employer that his mirror hit Poirier.
James Delahoussaye was a witness to the accident and he testified that the mirror hit Poirier in the head. A third witness, Bernard, did not see the mirror hit Poirier, but testified that he heard the thump and saw Poirier holding his head with his hands immediately after the thump. There is no testimony of record to suggest that Poirier was not hit on the head and there is no physical evidence to suggest that he was not hit on the head. The testimony of the three unim-peached witnesses, Castillo, Bernard and De-lahoussaye, is, in its entirety, completely consistent with the version given by the much discredited Poirier and this version of the accident stands completely uncontradicted by any evidence of record.
While the defendants “postulate” that Poi-rier may even have hit the mirror with his hand deliberately, there is no evidence to support this proposition. Absence evidence of any kind, it is manifest error for the jury to find that Poirier hit the mirror with his hand deliberately. The evidence of record supports only one theory and that is the one testified to by Delahoussaye, i.e. that the mirror hit Poirier in the head.
The jury’s finding that neither party to the accident was at fault suggests that the jury found that there was no accident. Inasmuch as the evidence conclusively shows that there was an accident, a finding of fault on neither party is not justifiable. The majority points out that Poirier did not explain why he just stood there and got hit and it is true that Poirier was in as good a position to see the vehicle coming as the driver was in a position to see Poirier. Nevertheless, the duty on the driver of a vehicle would seem to be greater than Poirier who, of course, had pre-empted the area of the roadway he was occupying long before Castillo arrived. While Poirier may have been partially at fault, I see no basis in the record to absolve Castillo of a least some comparative negligence in causing this accident.
Both Poirier and his wife testified that he was complaining of pain and that she put ice on his head immediately after the accident. The various doctors testified somewhat inconclusively as to the cause of his neck pain inasmuch as Poirier had a lot of arthritis in his lower back and also had experienced neck problems when he worked in the oil field and also had a disc problem caused by a 1966 blowout. It is clear that X-rays taken in December of 1990 were similar to those taken in 1985. It is also clear, however, that the law in Louisiana is that a tortfeasor takes his victim as he finds him. The record shows, at the very least, that the plaintiff suffered neck injuries which aggravated pre-existing conditions and while the defendant is not responsible for the pre-existing condition, he is responsible for pain and suffering caused by the aggravation. Poirier should be compensated accordingly. For these reasons, I respectfully dissent.